**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**KERRI FIALA,**

**Plaintiff,**

**vs.**                                                      **CIV 11-1010 JCH/WDS**

**BERNALILLO COUNTY**
**FIRE AND RESCUE,**

**Defendants.**

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION[1]**

This matter comes before the Court on Defendant's Motion to Dismiss for Failure to Comply

with Discovery Obligations Pursuant to Rule 37 (Doc. No. 35).  On November 20, 2012 United

States District Judge Judith Herrera referred this motion to the undersigned for resolution in

accordance with 28 U.S.C. §636(b)(1)(B).  Having reviewed the Motions, the Responses, the record,

and the law, this Court recommends that Defendant's Motions be granted.

**Factual Background**

The information contained in Defendant's motion, the accompanying exhibits, and the

record demonstrates a complete disregard on the part of the Plaintiff of her discovery obligations.

Additionally, and more troubling, are the false, misleading, incomplete and dilatory responses to the

discovery propounded.

Plaintiff, who was *pro se* until early July 2012 , failed to appear at the Rule 16 Scheduling

---

[1]Within fourteen (14) days after a party is served with a copy of these findings and
recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to
such findings and recommendations.  A party must file any objections with the Clerk of the U.S.
District Court within the fourteen-day period allowed if that party wants to have appellate review
of the findings and recommendations.  If no objections are filed, no appellate review will be
allowed.

Conference on February 13, 2012.  On February 20, 2012, Defendant sent discovery to Plaintiff. No discovery responses or initial disclosures were served until April 12, 2012, well past the deadlines for both.  The disclosures and discovery responses were deficient, most significantly because they failed to include a complete list of medical providers and failed to supply required medical releases.  On April 17, 2012 Defendant sent a letter to Plaintiff pointing out the deficiencies (Exhibit B to Doc. No. 18-1).  By letter dated April 18, 2012,  Plaintiff supplemented her responses and her disclosures.  The required releases were not tendered and, in response to Interrogatory No. 4 asking about past medical treatment, Plaintiff responded that she had no past illnesses to report.

On April 20, 2012 Defendant filed a Motion to Compel which was granted in total by the Court on June 4 (Doc. No. 30).  On April 25, 2012  Defendant sent another letter pointing the false and misleading nature of Plaintiff's responses (Exhibit D to Doc. No. 18-1). Additionally, the letter pointed out the deficiencies and alterations in the medical releases that were provided, which made them useless.  Plaintiff essentially refused to seriously address these concerns.

Most disturbing, in a medical record documenting a July 5, 2012,  visit to her primary care physician, ABQ Health Partners, Plaintiff disclosed an extensive history of prior medical problems (Exhibit A to Doc. No. 66-1).  This disclosure to her doctor less than three months after her supplemental interrogatory answer that she had no past illnesses to report, evidences a total lack of candor on what Plaintiff knew was a subject matter of great importance to the Defendant.

On November 29, 2012 this Court had a hearing on this motion.  At the hearing Defendant recited the litany of problems with Plaintiff's discovery responses and asserted that it still had not received proper releases for all medical providers and that it could not adequately provide an expert report without the records. Plaintiff, now represented by counsel, continued to assert, as she had done in her response brief, that all **relevant** medical information and releases have been provided,

though she did not dispute Defendant's assertion that it did not have proper medical releases for all providers.  Plaintiff appears to argue that since Defendant has gotten some medical records on its own, Defendant had what it needed.

## Discussion

While the Court grants significant leeway to *pro se* Plaintiffs, that leeway does not extend to condoning or allowing repeated failures to comply with required disclosures and orders of the court regarding discovery.  Nor will it tolerate false and misleading responses to discovery.  Once Plaintiff in this case acquired counsel it does not appear to the Court that any attempt was made to remedy the prior deficiencies.  Indeed, the deficiencies were ratified.  The Court finds that there were significant failures to make the required disclosures and to truthfully and fully answer propounded discovery.  The Court also finds no justification for those failures, which appear to continue to this day.  The question before the Court is the appropriate sanction for what the Court finds was an intentional effort to obstruct discovery in this case.

The Rules of Civil Procedure allow all manner of sanctions for discovery violations.  In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1982) the court set out the factors to address in determining sanctions.  They will be addressed in order.

The first factor addresses actual prejudice to the opposing party.  Here discovery is closed, yet Defendant has been unable to access all the relevant medical records.  As a perusal of the docket in this case amply demonstrates, Defendant has expended considerable time and effort in attempting to get Plaintiff to comply with her discovery responsibilities.  It is clear that Plaintiff's medical history is relevant in this case to both liability and damages.  At this juncture, with discovery closed, Defendant is in a position to have to reopen discovery, get the medical information not yet provided, and then engage medical experts to evaluate that evidence.  The attorney's fees and costs already

3

incurred will likely be doubled before the case is ready for trial.  The prejudice factor clearly weighs in favor of Defendant.

The second factor is the interference with the judicial process.  For all the reasons noted above, the judicial process has been adversely affected by the need for court intervention, the delay already experienced, and likely to be experienced.

The third factor is the culpability of the Plaintiff.  Here Plaintiff was culpable when acting *pro se* as noted above.  No attempt was made to cure the deficiencies when counsel entered the case. Indeed, the attitude has been one of aggressive denial.

The fourth factor is whether Plaintiff was warned by the Court of the potential of dismissal as a sanction.  While the Court has not specifically warned the Plaintiff of the potential sanctions, the Court has ordered her to fully comply with Defendant's discovery requests and she has not done so.  Additionally, once counsel entered on Plaintiff's behalf, no attempt was been made to comply with that order.  Counsel is presumed to be aware of the potential sanctions clearly set out in the rules.

Lastly is the efficacy of lesser sanctions.  The award of costs and fees would, of course, be justified.  Given the pervasive nature of Plaintiff's non-compliance with the Court's rules and orders, the continuing failure to comply with those rules, the fact that critical answers to interrogatories were intentionally false, and given the prejudice to Defendant of essentially starting over with discovery,  the Court finds that the sanction of dismissal is just and should be imposed.

_____
W. Daniel Schneider
United States Magistrate Judge

4