IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KERRI FIALA,**

       **Plaintiff,**

vs.                                                        **CIV No. 11-1010 JCH/WDS**

**BERNALILLO COUNTY FIRE AND
RESCUE,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Plaintiff's *Motion to Reconsider Order Granting Defendant's Summary Judgment Motion* (Doc. 105). In an action brought under Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act of 1990 for discrimination on the basis of gender, national origin, and disability, Plaintiff, a non-Hispanic white female and onetime firefighter, asserted that Defendant, her former employer, showed preferential treatment to a Hispanic male colleague after both were diagnosed with serious illnesses. Defendant subsequently moved for summary judgment, which the Court granted in its Memorandum Opinion and Order of September 27, 2013. (Doc. 103). On the instant motion, Plaintiff "requests that documents which have been previously proffered by Plaintiff be reexamined by this Court." (Doc. 105 at 1). In her reply brief, however, Plaintiff suggests that the documents attached to the instant motion were <u>not</u> previously proffered, and in fact constitute newly discovered evidence sufficient to set aside the Court's judgment[1] pursuant to Fed. R. Civ. P.60

---

[1]Plaintiff acknowledges that the Court found that summary judgment should be awarded to Defendant on all her claims in its September 27 opinion, but contends that it failed to enter a final judgment consistent with its ruling. *See* Doc. 107 at 1, 3. On the contrary, the Docket reflects that the Court entered a final judgment dismissing the case contemporaneously with its Memorandum Opinion and Order on September 27, 2013. *See* Doc. 104.

(b) ("Rule 60(b)").  The Court, having carefully considered the motion, the parties' briefs, and the relevant law, and being otherwise fully informed, finds that Plaintiff's motion is not well-taken and should be denied.

## DISCUSSION

Plaintiff's motion does not assert a legal basis for her argument that the Court should reexamine documents "previously proffered by Plaintiff" in the summary judgment record. Rather, Plaintiff sets forth a list of nine numbered paragraphs in which she attempts to reargue points raised in her brief opposing summary judgment.  *See, e.g,* Doc. 105 at 2 ("In the Court's Opinion and Order, it is recognized that Plaintiff relies upon the Firefight's [sic] Union Chief, Diego Arencon, for the proposition that there were no minimum requirements for the EMS Liaison position.  Thus, it cannot be said that Plaintiff did not meet those requirements."). Plaintiff attaches to her motion three exhibits, two of which contain multiple, unidentified documents (the third exhibit appears to consist of an executed version of Plaintiff's affidavit, which she previously submitted unsigned and unexecuted in opposing summary judgment). Plaintiff does not reference or explain the import of most of the documents contained in her exhibits in her supporting brief, though she does assert that one exhibit contains evidence that a position to which she claims she should have been transferred by Defendant was eventually filled "by Ms. Carol Morgan[,] who was the same rank as Plaintiff."  *Id*. at 2 (citing Ex. A).

In her reply brief, Plaintiff clarifies that she brings her motion to reconsider pursuant to Rule 60(b), which warrants alteration or amendment of a judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect" and the movant's proffering of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b)."[2]  Rule 60(b)(1)-(2).  "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990)*; see also Simpson v. Thi of N.M. at Casa Arena Blanca, LLC*, 2008 U.S. Dist. LEXIS 108726, at *35 (D.N.M., Dec. 24, 2008).  Here, Plaintiff's reply brief contends that "TeleStaff Roster records" – i.e, an unauthenticated document in Plaintiff's exhibit packet that appears to be a screen capture of an employee listing for BCFR, on which appear several handwritten notations – "were printed on October 23, 2013," and that these records may be considered "under the [Rule 60(b)] standard of surprise as well as new evidence." (Doc. 107 at 2).  According to Plaintiff, the "relevance of these records is to show that the person who was appointed as Defendant's EMS Liaison, Carol Morgan, had exactly the same qualifications as Plaintiff."  *Id.*  Plaintiff does not proffer any additional information about Ms. Morgan or explain how the exhibit demonstrates that she and Plaintiff had "exactly the same qualifications" for the EMS Liaison position.

The Court finds that Plaintiff's motion is not well-taken.  Even if the exhibit in issue was properly before the Court, which it is not, Plaintiff (1) makes no attempt to show that it constitutes newly discovered evidence that could not have been discovered with reasonable diligence in time to submit a motion under Rule 59(e); (2) does not explain how its presence in

---

[2]Fed. R. Civ. P 59(e) ("Rule 59(e)") warrants alteration or amendment of a judgment in the event of "(1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Resources Corp*., 57 F.3d 941, 948 (10th Cir. 1995).  Here, Plaintiff explicitly states that "Rule 59(e) is not applicable" to the instant motion.  (Doc. 107 at 3).  The Court agrees with Plaintiff's assertion but not with her reasoning.  While Plaintiff asserts that Rule 59(e) cannot apply because "no judgment [has been] issued" by the Court, *see supra* n.1, the Court finds that Plaintiff fails to meet Rule 59(e)'s explicit requirement that a motion to alter or amend "must be filed no later than 28 days after the entry of the judgment."

the record would have been sufficient to avoid summary judgment on any of the claims in issue; and (3) fails to show how it provides a basis for altering or amending the Court's judgment in the "exceptional circumstances" required by Rule 60(b). Accordingly, the Court finds that the instant motion should be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reconsider Order Granting Defendant's Summary Judgment Motion* (Doc. 105) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

4